### Timothy Holland *vs.* Jeremiah Long.

An easement cannot be acquired by adverse possession, while the owner of the servient tenement, as agent of the owner of the dominant tenement, lets the latter to third persons for short and not continuous terms.

Shaw, C. J. The bill of exceptions in this case is, perhaps, in some points a little obscure; but as the court understand it, they are of opinion that the exceptions must be sustained, and the verdict set aside.

The plaintiff claims a right of way by prescription, for his

half of a house, through and over the back entry of the other half of the house, each owning a moiety by metes and bounds. It was once an entire estate and occupied by Moses Hoyt, and passed by descent to his two children, Mary, wife of Daniel R. Pingree, and Samuel Hoyt, as tenants in common. The undivided half of Samuel Hoyt passed by deed to Moses Brown, who in 1819 made a partition with Pingree and wife, by a straight line through the house, neither granting any right of way or other easement in his own part. Brown conveyed his moiety, by the same dividing line, to Rebecca Hoyt, widow of Samuel, for her life. The reversion remained in him. ·The widow died in 1843.

We suppose that the plaintiff has succeeded, by mesne conveyances, to the moiety assigned to Brown in the partition ; and the defendant has succeeded to the moiety of Pingree and wife. As the original partition imposed no servitude upon either share in favor of the other, the right of way, if it exists at all, must be shown to have been acquired after the partition. This could only be done by an adverse possession, sufficient in its character, continuity and duration, to constitute a prescription, or proof of a non-appearing grant, and upon this ground it is claimed by the plaintiff.

Supposing that the tenant for life, by her own personal and continued use and enjoyment of the right of way for twenty years, could have acquired a right of way, it is a question whether the presumed grant to be inferred therefrom would be coextensive in duration with her own life estate ; or whether it would be presumed to be annexed to the fee, and enure to the benefit of the reversioner. On this question we give no opinion, because it appears to us from the case, that there was no such continued, adverse possession.

It appears that after the grant for life to the widow, she married a person named Goodhue, and moved away; that they constituted Daniel Pingree, son of Daniel R. and Mary, their agent, to let the moiety originally assigned to Brown, from time to time, and receive the rents and profits for them. It is probable, though, we believe, not distinctly stated in the case,

that this Daniel was owner of the other moiety by descent from his mother, though this is not material ; but he occupied that other moiety during about six of the twenty years during which the adverse possession continued, which is relied on as proof of a grant.

The agency of Daniel Pingree for his aunt, the life tenant, was to let the estate temporarily to tenants, either as tenants at will, or for short terms, and these terms must be combined together to make twenty years. Now the effect of that agency was to put Daniel into possession of his aunt's moiety, not, perhaps, exclusive of her constructive possession as owner for life, but at least to give him a concurrent and rightful possession, except whilst, by lease at will or for years, he had transferred such possession to tenants. These were, for the time, tenants of the owner for life ; but whenever the tenancy at will or for years terminated, the right of possession again vested in Daniel Pingree, his agency not being revoked. There was then no continuity of possessions, and no privity between these temporary tenants. During these intervals the right of possession and the constructive legal possession was in Daniel. Whilst therefore he was in legal and constructive possession of one separate moiety in right of the tenant, and in the actual occupation and enjoyment of the other moiety in his own right, the one could not be adverse to the other. On the two grounds therefore, that there was no privity between the rights of possession of the respective temporary tenants, who held successively and at intervals under the tenant for life, and that Daniel Pingree was in the constructive possession of one moiety and in the actual possession of the other, the court are of opinion that the continuity of adverse possession was interrupted, and no title to the easement could be acquired. The court of common pleas having declined to instruct the jury in conformity with these views, and having instructed them that such possessions were continued and adverse, and that a right by presumption might be thus acquired, the exceptions are sustained.

*E. F. Stone,* for the defendant.

*O. P. Lord,* for the plaintiff.